(93 Misc. Rep. 513)

### TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v. WHITELAW.

(Supreme Court, Appellate Term, First Department. February 14, 1916.)

MUNICIPAL CORPORATIONS ☞633—TENEMENT HOUSE—ILLEGAL ALTERATIONS—SUIT FOR PENALTY.

In an action for a penalty under Tenement House Law (Consol. Laws, c. 61) § 124, for a violation of section 120, prohibiting the making of alterations not in accordance with plans filed with the board, evidence that the plans which were in evidence were filed, but without proof that they were in effect when the alterations were made, or that they were ever approved, or a permit thereunder issued, or that the alterations were made after the filing of the plans, was insufficient to support a judgment for the penalty, since in order to recover for plaintiff it was necessary for plaintiff to prove the filing of specific plans, the approval thereof by the tenement house department, the making of the alterations after such filing and approval, and the nonconformity of such alterations to such plans.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1390–1399; Dec. Dig. ☞633.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Tenement House Department of the City of New York against Herman Whitelaw. From a judgment for plaintiff, defendant appeals. Reversed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Louis Rosenberg, of New York City, for appellant.

Lamar Hardy, of New York City (John P. O'Brien and John P. Morris, both of New York City, of counsel), for respondent.

GAVEGAN, J. This action was brought to recover a penalty under the Tenement House Law. Section 124 of the law provides for

two penalties, differing in amount: (1) The payment of the sum of $50 upon proof of the existence of a violation, without regard to the service of a notice thereof upon the owner; and (2) the payment of $250 upon proof of the existence of a violation, the service of a notice or order requiring its removal, and failure to remove the same within five days after the service of the notice or order. Plaintiff upon a verified complaint sought to recover the larger penalty, and failed to make out a cause of action therefor, in the absence of competent proof of service of a notice. The court below, however, gave a judgment against the defendant for the sum of $50, evidently upon the ground that a violation had been shown. No amendment of the complaint was asked for, and under the pleading, in conforming to the rule, "Secundum allegata et probata," the judgment might well be reversed; but we prefer to base our decision upon other grounds.

On examination of the testimony it is clear that the plaintiff failed to show any cause of action against the defendant. The fourth paragraph of the complaint sets up:

"Fourth. Upon information and belief, that at the times hereinafter mentioned there existed and still exists in said tenement house and on said lot violations of the said Tenement House Law, to wit, of sections 124 and 120 of the said law, and the laws amendatory thereof and supplementary thereto, as follows: *Alterations* did not conform to plans and applications filed with and approved by the tenement house department."

Here follow several particulars in respect to which it is alleged that the alterations of the building do not conform to the plans or applications filed. Section 120 of the Tenement House Law, so far as it is involved in the complaint, reads as follows:

"The construction, alteration or conversion of such house or building or structure shall be in accordance with such approved specifications and plans."

In order to recover, it devolved upon the plaintiff to prove: (1) The filing of specific plans and specifications and the approval of such plans by the tenement house department; (2) the doing of the work or alterations subsequent to the filing and approval of the plans and specifications; and (3) the nonconformity of the work and alterations with those plans and specifications.

It is conceded that the defendant did not file any plans for the alteration of the building; those having been previously filed by his grantor. Two sets of plans were filed, and those were received in evidence. Their reception, however, was limited to the mere fact of their filing, and there was no evidence whatever that they were ever approved, or that a permit was issued thereunder. There was nothing to show that either or both the plans were in effect, or that the work had been done after the filing of the plans. There was, it is true, testimony given to the effect that the conditions mentioned in the items designated in the complaint existed at the time the employés of the plaintiff made their examination; but, non constat, they may have existed long prior to the filing of the plans and specifications. The filing of plans and doing no work thereafter does not constitute a violation. The plaintiff was required to prove that after the plans were filed and approved the *alterations were made,* but were not in

conformity with the plans. In this it failed. The defendant offered no testimony, but moved for a dismissal of the complaint at the close of plaintiff's case, which, as the proof then stood, should have been granted.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.